United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

No. 05-60201
Summary Calendar

ALI YANTO,

Petitioner,

VERSUS

ALBERTO R. GONZALES, U S Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS
(A78 579 526)

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

In this appeal, Yanto, a native and citizen of Indonesia, challenges the Board of Immigration Appeals (BIA) order denying Yanto's motion to reconsider as untimely. We find no error and affirm.

I.

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

In April 2002, an Immigration Judge denied Yanto's asylum application on grounds that Yanto failed to provide credible evidence in support of his claims. The Board dismissed Yanto's appeal after finding that the immigration judge's adverse credibility findings were supported by the record. Yanto petitioned for review of that decision with this court and in November 2004, we denied that petition.

On December 28, 2004, Yanto moved the Board to reopen his application for asylum. Yanto asserted that changed circumstances in Indonesia necessitated reopening his case. He asserted that more riots and violence had occurred in Indonesia since his asylum hearing and Christians had been targeted by Islamic extremists to a greater degree. Yanto also alleged that he had recently become engaged to an Indonesian asylee.

The Board, in March of 2005, denied Yanto's motion to reopen. The Board concluded that Yanto had not alleged new facts as required by 8 C.F.R. § 3.2. Consequently the Board construed Yanto's motion as a motion to reconsider its November 6, 2003 decision and denied the motion as untimely. This appeal followed.

## II.

In order to qualify as a "motion to reopen", a motion must state new facts that will be proven and these facts must be supported by affidavits or other evidentiary material. 8 U.S.C. § 1229(a)(c)(6)(B). The BIA can deny a motion to reopen if the mover fails to proffer previously unavailable material evidence. The

2

Board found that Yanto failed to allege new facts in his motion to reopen as the Act requires. The Board viewed Yanto's submitted materials regarding country conditions as simply supplemental and cumulative to evidence already considered by the Board. After reviewing the record we are satisfied that the Board did not abuse its discretion in characterizing the evidence in this way. Yanto identified "changed conditions" in Indonesia as "more riots" and "more violence". The focus of his motion, however, is repetition of his arguments concerning the merits of his fear of returning to Indonesia as stated by him in his testimony before the Immigration Judge. He also details his disagreement with the Immigration Judge's conclusion that his earlier testimony was not credible. Also, much of the evidence Yanto cited in his motion predated his April 9, 2002 asylum hearing date. We are satisfied that the Board did not abuse its discretion in concluding that Yanto failed to proffer previously unavailable material evidence. The Board did not err in denying the motion to reopen and to construe the motion as one to reconsider.

Under 8 CFR § 1003.19(b), a motion to reconsider "must be filed with Board within 30 days after the mailing of the Board decision or on or before July 31, 1996 whichever is later". Because Yanto's motion was filed more than one year after the Board's November 6, 2003 decision, it was untimely and the Board did not err in denying the motion. We, therefore, deny the petition for review.

3

DENIED.